IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


RICARDO MEDRANO,

                Defendant/Petitioner,         Case No. 3:05 CR 781
      -vs-                                 3:10 CV 831

UNITED STATES OF AMERICA,

                                      MEMORANDUM   OPINION
             Plaintiff/Respondent,         AND ORDER

KATZ, J.

      Petitioner, Ricardo Medrano, acting *pro se*, has filed a motion to vacate, set aside, or

correct sentence under 28 U.S.C. § 2255.  He has raised multiple claims of ineffective assistance

of counsel, both prosecutorial and judicial misconduct, and constitutional violations.   This Court

has reviewed all of the materials filed by Petitioner, Government's response in opposition to the

motion as well as Mefrano's reply and finds that none of the issues raised by Medrano are

meritorious.  One could even characterize some of the issues as spurious and lacking any basis in

law or fact.  Therefore, the motion will be denied in its totality.

      The Government's memorandum sets forth the facts and background of this case from the

initial stages through both the plea hearing and sentencing, as well as Petitioner's testimony at

trial of indicted co-defendants.  On April 20, 2006, Medrano pled guilty to Count 1 (conspiracy)

and Count 4 (possession with intent to distribute cocaine).  That plea was rendered pursuant to a

plea agreement which contained a waiver of appellate rights, including rights under § 2255.  That

plea agreement did, however, preserve the right of appeal respecting claims of ineffective

assistance of counsel or prosecutorial misconduct.  Further, the plea agreement contains

stipulations regarding the offense level (base offense level 30) and the fact that the Defendant was a career offender, which drives his criminal history category to a Category VI.

Medrano was subsequently sentenced on November 27, 2006. After the motion of the Government requesting a four level downward variance for substantial assistance under Section 5K1.1 of the Guidelines this Court determined Medrano's sentencing range should be reduced to 130 - 162 months and sentenced him to the low end, 130 months, with five years of supervised release on each count, to be served concurrently.

An initial appeal to the Sixth Circuit Court of Appeals was filed and subsequently dismissed based upon the waiver of appeal contained in the plea agreement. A second notice of appeal was dismissed on September 28, 2007 for want of prosecution. Other appeals regarding segments of the case were also dismissed by the Court of Appeals. Finally, after three appeals, Medrano filed for a writ of mandamus on February 25, 2010 alleging that he was prejudiced by perjured testimony and that this Court was biased against him. That petition was denied by the Sixth Circuit Court of Appeals on May 7, 2010.

Among those things which can be summarily resolved by this Court are the following: 1) petitioner waived his right to appeal or contest his sentence pursuant to the plea agreement which he signed and which was explained to him in open court at his plea hearing; 2) there was never a five year plea agreement offered by the Government as outlined on pages 12 thru 14 of the Government's memorandum in opposition to this motion; 3) since there was no viable objection to the Magistrate Judge's Report and Recommendation denying Medrano's motion to suppress evidence seized during the search of his home, failure to raise a meritless claim certainly is not ineffective assistance of counsel.

2

Further, his claims of ineffective assistance during the sentencing process fall on deaf ears since this Judge was aware of all of the matters set forth by him and finds none to have any merit. The same is true of his allegations of ineffective assistance of appellate counsel. Medrano's contentions that the trial transcripts were compromised and his allegations that the court reporter and ECRO operator committed "negligence per se", are totally baseless.

Petitioner has also attempted to articulate claims of prosecutorial misconduct including the subornation of perjury by the Government.

In short, the allegations set forth in the § 2255 motion and accompanying documentation can summarily be dismissed as being totally without merit.  This Court will not further clutter the extensive record in this case with a meaningless and lengthy memorandum opinion.  The Government's memorandum in opposition to the motion clearly sets forth the basis for denying the motion, which the Court does in its entirety.  Since this decision makes moot the motion for summary judgment filed by Medrano on August 11, 2010, that motion is denied and Medrano is barred from filing any other documents related to the § 2255 motion.

IT IS SO ORDERED.

_ s/ *David A. Katz* _____
DAVID A. KATZ
U. S. DISTRICT JUDGE

3